UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN DAVIDOFF,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>*Defendant*. | Case No. _____<br><br>Removed from:<br>Supreme Court of the State of New York<br>County of New York<br><br>Index No. 653080/2025 |

## NOTICE OF REMOVAL

Defendant United Airlines, Inc. ("United") hereby submits this Notice of Removal and thereby removes this action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446. In support of this Notice of Removal, United states as follows:

**I.    BACKGROUND**

1.    On May 20, 2025, Plaintiff Jonathan Davidoff ("Plaintiff") filed a Summons with Notice against United in the Supreme Court of the State of New York, County of New York which sought damages in excess of $500,000 plus interest at the statutory rate, plus the recovery of Plaintiff's attorney's fees and costs. A copy of that filing is attached hereto as **Exhibit 1**.

2.    The next day, May 21, 2025, Plaintiff filed a "corrected" Summons with Notice in that same court (the "Notice," attached hereto as **Exhibit 2**), which modified Plaintiff's demand to $65,000 plus interest at the statutory rate, plus the recovery of Plaintiff's attorney's fees and costs. The corrected Notice was served on United's agent for service of process, CSC, on June 6, 2025.

3. Plaintiff alleges that he incurred these damages when United cancelled his itinerary (Flight 2032) on June 28, 2023, from Newark, NJ to San Francisco, CA because of extreme weather.

4. In his Notice, Plaintiff asserts two causes of action against United for the cancelled flight, (1) Breach of Contract and (2) Violation of New York General Business Law § 349. Plaintiff alleges that United did not have good cause to cancel the flight and that it did not make reasonable accommodations to Plaintiff for the inconvenience.

II. **THIS COURT HAS JURISDICTION UNDER 18 U.S.C. § 1332(A)**

5. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal district court by the defendant or defendants. 28 U.S. Code § 1441(a); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("While [28 U.S.C.] § 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, § 1441 gives defendants a corresponding opportunity.").

6. Federal district courts have original jurisdiction over actions between "citizens of different States" where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Lincoln Prop. Co.* 546 U.S. at 89 (noting that "diversity jurisdiction" requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000).

7. The removing defendant is not required to submit evidence establishing the existence of federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014). Instead, the notice of removal need only include a "short and plain statement . . . of the grounds for removal." 28 U.S.C. § 1446(a).

8.  As discussed below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiff and United and (2) the alleged amount in controversy exceeds $75,000. The action is therefore removable under 28 U.S.C. § 1441(a).

A.  **Complete Diversity Of Citizenship Exists**

9.  The citizenship of an individual such as Plaintiff is determined by his domicile. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998). And "residence is *prima facie* evidence of a person's domicile." *Henry v. Warner Music Group Corp.*, 13 CIV. 5031 PGG, 2014 WL 1224575, at *2 n.1 (S.D.N.Y. Mar. 24, 2014) (denying motion to remand) (citing *Willis v. Westin Hotel Co.*, 651 F.Supp. 598, 601 (S.D.N.Y.1986)). According to United's records, Plaintiff resides in Bedford, New York. In addition, Plaintiff has previously filed documents in this Court in which he affirmatively represented that he is a citizen of New York residing at the same Bedford, New York address reflected in United's records. *See Davidoff v. Rothman, et al.,* Case No. 22-cv-01962-PMH (S.D.N.Y.), Compl. (Dkt. 1) ¶¶ 4, 33 and Ex. C. United therefore alleges, on information and belief, that Plaintiff is a citizen of New York.

10. For purposes of diversity jurisdiction, a corporation is the "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 18 U.S.C. § 1332(c)(1).

11. United is a corporation incorporated in Delaware with its principal place of business in Illinois, and therefore, United is a citizen of Delaware and Illinois. *See Power Auth. of New York ex rel. Solar Liberty Energy Sys., Inc. v. Advanced Energy Indus.*, Inc., No. 19-CV-1542-LJV, 2020 WL 5995186, at *3 (W.D.N.Y. Oct. 9, 2020) (holding that alleging corporation's place of

3

incorporation and principal place of business in the notice of removal is sufficient to establish citizenship of corporation).

12. Accordingly, because Plaintiff is a New York citizen and United is a citizen of Delaware and Illinois, complete diversity exists. *See* 28 U.S.C. § 1332(a).

### B. The Amount in Controversy Requirement Is Satisfied

13. Courts first look to the complaint to determine the amount in controversy. *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996).

14. Here, in his Notice, Plaintiff seeks damages in the amount of $65,000, plus interest at the statutory rate, plus the recovery of Plaintiff's attorney's fees and costs to bring the action. Ex. 2, Notice at 5.

15. Attorney's fees may be included in the amount in controversy where they are recoverable by statute. "If the law entitling the plaintiff to recovery also provides for the recovery of attorneys' fees, whether by statute or contract, such fees are includable in the amount in controversy." *Givens v. W. T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972). Here, one of the claims asserted by Plaintiff is for alleged violation of New York General Business Law § 349, which provides for the recovery of attorney's fees. *See Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005) (holding specifically that attorney's fees can be included in the total amount in controversy under New York General Business Law § 349(h)).

16. In February 2019, Plaintiff filed in the Supreme Court for the State of New York, County of New York, a July 2018 Fee Agreement, attached hereto as **Exhibit 3**, which indicated that his hourly fee was $525.00. It is likely that fee has only increased in the seven years since July 2018 but, even if it has not, Plaintiff would incur $10,000 in fees after 19.1 hours of work.

4

Accordingly, upon information and belief, Plaintiff is likely to allege that he will incur attorneys' fees exceeding $10,000 in litigating this matter.

17. Therefore, because complete diversity exists and the amount-in-controversy alleged exceeds $75,000, this Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(a), and the action is removable to this Court under 28 U.S.C. § 1441(a). *See also Lincoln Prop. Co.* 546 U.S. at 89 (holding that state court action is removable if the federal district court had original diversity jurisdiction over the state court action).

### III. UNITED HAS MET ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

18. **Removal Is Timely.** A defendant must file a notice of removal within 30 days after receiving a copy of the initial pleading or after the service of summons, whichever period is shorter. 28 U.S.C.A. § 1446. Here, United received a copy of the Notice on June 6, 2025. Thus, this removal is timely.

19. **Removal To This Court Is Proper.** A case is properly removed to "the district court of the United States for the district and division within which such action is pending." *See* 28 U.S.C. § 1441(a). This action was originally filed in New York County, New York, (*see generally* Notice), which is within the Southern District of New York, making removal to this Court proper, *see* 28 U.S.C. § 112(c).

20. **Other Papers.** The notice of removal must include "a copy of all process, pleadings, and orders served upon" the removing defendant. *See* 28 U.S.C. § 1446(a). The "service package" attached as **Exhibit 4** to this Notice of Removal constitutes all such documents.

21. **Service.** Pursuant to 28 U.S.C. § 1446(d), United is serving a copy of this Notice of Removal on Plaintiff and filing a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.

22. United reserves the right to supplement these papers.

IV. **CONCLUSION**

23. For these reasons, Defendant United removes this civil action to the United States District Court for the Southern District of New York.

Dated: July 3, 2025

Respectfully submitted,

/s/ *Maegan B. McAdam*
Maegan B. McAdam
Brendan J. Gerdes (*Pro Hac* forthcoming)

Riley Safer Holmes & Cancila LLP
810 Seventh Avenue, Suite 3505
New York, New York 10019
(212) 660-1040
bgerdes@rshc-law.com

*Attorneys for Defendant United Airlines, Inc.*