```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
JONATHAN DAVIDOFF,                                              :
                                                                :
                              Plaintiff,                        :
                                                                :         25-cv-5527 (LJL)
            -v-                                                 :
                                                                :         OPINION & ORDER
UNITED AIRLINES, INC.,                                          :
                                                                :
                              Defendant.                        :
                                                                :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jonathan Davidoff ("Plaintiff" or "Davidoff") moves, pursuant to 28 U.S.C. § 1447(c), for an order remanding this case to New York Supreme Court, New York County, and imposing attorneys' fees. Dkt. No. 7. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

On June 28, 2023, Davidoff was scheduled to travel on a flight operated by United Airlines, Inc. ("United Airlines" or "Defendant") from Newark, New Jersey to San Francisco, California. Dkt. No. 1-2 at 2. United Airlines canceled the flight ostensibly because of weather. *Id.* at 2–3. It also refused to offer Plaintiff other options to fly to San Francisco that day, offering only flights starting approximately sixty hours later. *Id.* at 3. As a result, Plaintiff was unable to take his trip and sustained damages. *Id.* at 4–5. Plaintiff alleges that in fact, there were no weather disturbances in the New York/Newark area on June 28, 2023. *Id.* at 3. United Airlines simply used weather as an excuse, canceling the flight for its own financial gain and using the aircraft for another route. *Id.* at 4.

Plaintiff filed suit in the Supreme Court of the State of New York, New York County, on May 20, 2025, alleging claims for breach of contract and violation of New York General Business Law ("GBL") § 349, and seeking damages of $500,000 plus attorneys' fees, for injuries suffered as a result of Defendant canceling his June 2023 flight.[1]  Dkt. No. 1-1.  Plaintiff filed a "corrected" summons with notice the next day.  Dkt. No. 1-2.  As relief, Plaintiff seeks "$65,000 plus interest at the statutory rate, plus the recovery of Plaintiff's attorney's fees and costs to bring the instant action."  *Id.* at 5.  The amended summons with notice states that "[s]hould Defendant fail to appear herein or demand the filing of a complaint, judgment will be entered against the defaulting Defendant(s) by default for the sum of $65,000 with interest from May 20, 2025, together with the costs, disbursements, and attorneys' fees incurred in this action."  *Id.*

Defendant removed this case to this Court on July 3, 2025, citing diversity of citizenship between the parties and an amount in controversy (calculated by adding Plaintiff's requested damages and putative attorneys' fees) surpassing the $75,000 required for this Court to exercise jurisdiction over the case pursuant to 28 U.S.C. § 1332(a) and § 1441(b).  Dkt. 1 ¶ 15.  Defendant attached to the removal notice a July 2018 fee agreement of Plaintiff's counsel's indicating that, as of that date, counsel's hourly rate was $525.  Dkt. No. 1-3.  Defendant asserted that the rate likely had only increased in the ensuing seven years, such that Plaintiff would incur $10,000 in fees after only 19.1 hours of work.  Dkt. No. 1 ¶ 16.

Plaintiff's motion to remand was filed on July 8, 2025, along with a memorandum of law in support of the motion.  Dkt. No. 7.  A response in opposition to the motion was filed on July 21, 2025.  Dkt. No. 9.  A reply memorandum of law in further support of the motion was filed on July

---

[1] Plaintiff asserts that the reference to $500,000 was a scrivener's error.  Dkt. No. 7-1 at 2; Dkt. No. 10 at 2.

25, 2025.  Dkt. No. 10.

## DISCUSSION

Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "[R]emoval jurisdiction . . . is 'determined by reference to the well-pleaded complaint.'" *D'Alessio v. N.Y. Stock Exch. Inc.*, 258 F.3d 93, 100 (2d Cir. 2001) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).  Section 1332(a) of the same title provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  "The amount in controversy is determined at the time the action is commenced." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2nd Cir. 1994).  As a general matter, the amount stated in the complaint is the amount in controversy unless it appears to a "legal certainty" that such amount cannot be recovered.  *See Lujan v. Sensio Co. (US) Inc.*, 2025 WL 834835, at *3 (S.D.N.Y. Mar. 14, 2025).

The Second Circuit has stated that "attorneys' fees . . . may not properly be included in determining the jurisdictional amount unless they are recoverable as a matter of right." *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir.), *vacated on other grounds*, 409 U.S. 56 (1972); *see also Suarez v. Mosaic Sale Sols. US Operating Co., LLC*, 720 F. App'x 52, 55 (2d Cir. 2018) (summary order).  A court is not required to award attorneys' fees to the prevailing party under GBL § 349.  The statute provides that a "court *may* award reasonable attorney's fees to a prevailing plaintiff [suing under Section 349]." N.Y. Gen. Bus. L. § 349(h) (emphasis added).  "The fee award [under GBL § 349] is left to the discretion of the trial court in all circumstances." *Riordan*

3

*v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 54 (2d Cir. 1992). Accordingly, a number of courts in this Circuit have held that because attorneys' fees under GBL § 349 are not "recoverable as a matter of right," they are not properly counted as part of the amount in controversy. *See, e.g.*, *Melendez v. R.W. Garcia Co. Inc.*, 2025 WL 1220903, at *4 (S.D.N.Y. Apr. 28, 2025) ( "Because attorney's fees are discretionary under [GBL § 349], these fees are not recoverable as a matter of right and cannot be included in the calculation of the amount in controversy."); *Schwartz v. Hitrons Solutions, Inc.*, 397 F. Supp. 3d 357, 367 (S.D.N.Y. 2019) ("Because [GBL § 349] fees are not recoverable as a matter of course, they should not be considered in the calculation of the amount in controversy."); *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 268 (S.D.N.Y. 2017) ("Because an award of attorneys' fees is discretionary under [GBL] § 349, the potential for an award of fees under § 349 cannot be used to satisfy the amount in controversy requirement."); *Post v. Gen. Motors Corp.*, 2002 WL 1203847, at *4 (S.D.N.Y. June 3, 2002) ("Under [GBL § 349] an award of attorneys' fees is a matter of discretion, not a matter of right. Therefore, the claim for attorneys' fees will not meet the jurisdictional amount requirement.").

Defendant does not oppose remand of this case to New York Supreme Court. Dkt. No. 9 at 1. Plaintiff requests only $65,000, $10,000 less than the jurisdictional amount required by 28 U.S.C. § 1332(a). It is undisputed that the attorneys' fees that would be necessary to exceed the jurisdictional amount are not properly counted. Accordingly, the Court remands this case to New York Supreme Court.

Plaintiff requests, and Defendant opposes, an award of attorneys' fees incurred as a result of the removal. Dkt. Nos. 7, 9. Section 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has stated: "Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  It has instructed that "when an objectively reasonable basis exists, fees should be denied."  *Id.*  While "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case," "[a] court's reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)."  *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  Those purposes include "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Id.* at 140.  In an unpublished summary order, the Second Circuit has stated that "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees," and "[d]istrict court decisions, let alone conflicting district court decisions, do not render the law clearly established."  *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order) (quoting *Lott v. Pfizer, Inc.,* 492 F.3d 789, 793 (7th Cir. 2007)).

The proposition that attorneys' fees are properly included in the amount in controversy only when mandatory is derived from the Second Circuit's statement in a published decision that was vacated by the Supreme Court.  *See Givens*, 457 F.2d at 612–14.  The statement arguably was dicta.[2]  The statement since has been repeated only in unpublished summary orders of the Second

---

[2] The plaintiffs in *Givens* alleged claims under Connecticut state law.  The case primarily involved the question whether under the prevailing law at the time, the then-requisite jurisdictional amount of $10,000 could be met by aggregating the separate and distinct claims of members of a class.  *Id.* at 613–14.  No member of the class had a claim worth more than $1,500.  *See id.* at 613 n.3.  The court held that the claims could not be aggregated and that the amount-in-controversy requirement was not met.  *Id.* at 614.  It also noted that even though each plaintiff nominally alleged $15,000 in punitive damages, under Connecticut law such damages were

Circuit. *See Suarez,* 720 F. App'x at 55; *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85–86 (2d Cir. 2012) (summary order). Per the Second Circuit's Local Rule 32.1.1, rulings by summary order do not have precedential effect. 2d Cir. R. 32.1.1. They can be disregarded by a Second Circuit panel without the need for rehearing en banc. Fed. R. App. P. 40. There is some reason to question whether the proposition would be repeated in a considered published opinion by the Second Circuit. The rule that only mandatory attorneys' fees count is in some conflict with the rule in other circuits that attorneys' fees count both if they are mandated and if they are allowed by statute. *See Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979) (holding that attorneys' fees can be counted as part of the matter in controversy "where a statute mandates or allows the payment of such fees"); *accord Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (stating that attorneys' fees are part of the matter in controversy "if a statute mandates or allows payment of attorney's fees"); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) (finding that when a statute allows for attorneys' fees to be awarded "either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Williams v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (holding that "attorney's fees are excludable in determining the amount in controversy for purposes of diversity, unless . . . a statue mandates or expressly allows the payment of such fees"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (stating that when a statute allows for attorneys' fees to be awarded "either with mandatory or discretionary language, such fees may be included in the amount in

---

limited to the "plaintiff's actual litigation expenses less taxable costs." *Id.* Because Plaintiffs were represented by a nonprofit, there was "a legal certainty that none of the plaintiffs could recover punitive damages in an amount which exceeds $10,000." *Id.* It was only after noting that attorneys' fees could not remotely approach the jurisdictional minimum in any case that the court added that attorneys' fees "may not properly be included in determining the jurisdictional amount unless they are recoverable as a matter of right." *Id.*

controversy"); *see also* 14B Wright & Miller's Federal Practice & Procedure § 3711 (5th ed. 2025) ("There is authority for the proposition that when the applicable substantive law makes the award of an attorney's fee discretionary, a persuasive claim that this discretion should be exercised makes the requested fee . . . part of the required amount in controversy."); 15A Moore's Federal Practice § 102.106[6][a] (3d ed. 2023) ("As a general matter, attorney's fees do not constitute part of the matter in controversy. . . . However . . . if a statute mandates or allows payment of attorney's fees [they may be included in the amount in controversy]."). The rule also is in tension with the law in the Second Circuit that "if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991); *see also Kirk v. Citigroup Glob. Mkt. Holdings Inc.*, 2025 WL 751381, at *2 n.3 (2d Cir. Mar. 10, 2025) (summary order). Furthermore, at least one court in this Circuit has held that attorneys' fees under Section 349 are counted in determining the jurisdictional amount, although that court reached its conclusion without analysis. *See Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 298 (E.D.N.Y. Apr. 27, 2005).

Defendant's "position is [not] so wholly frivolous or unreasonable as to warrant an award of costs of fees." *Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 421 (S.D.N.Y. 2020) (Nathan, J.).[3] There also is no evidence that Defendant acted in bad faith or removed for the purposes of harassment or delay. *Compare Greyhawk Hawthorne Lender, LLC v. Vella*, 2025 WL 1730258, at *1 (S.D.N.Y. June 23, 2025); *Czymmek v. Fenstermaker*, 2024 WL 246438, at *6 (S.D.N.Y. Jan. 23, 2024).

---

[3] This Court itself defers to the consensus of district courts only because the issue is undisputed here.

The motion to remand is GRANTED, and this case is remanded to New York Supreme Court, New York County. The motion for attorneys' fees is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 7.

SO ORDERED.

Dated: July 29, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                  United States District Judge